# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TIMOTHY A. POWELL,**

    Plaintiff,

  v.                                              Case No. 18-CV-1597

**ANGELA THOMPSON,** *et al.***,**

    Defendants.

# ORDER

On November 19, 2018, the court screened Timothy Powell's complaint and allowed him to proceed on a deliberate indifference claim against defendants Angela Thompson and Dilip Tannan based on Powell's allegations that, despite his repeated requests, they refused to follow recommendations that he be sent to the spine and/or neurosurgery clinics for evaluation. (ECF No. 9.) The court ordered the parties to complete discovery by July 20, 2019. On July 8, 2019, Powell filed a motion to compel, and, on July 11, 2019, he filed a motion to amend his complaint. The defendants responded to Powell's motion to compel on July 29, 2019, and to his motion to amend the complaint on July 30, 2019. The court will deny both motions.

    *1. Motion to Amend*

Federal Rule of Civil Procedure 15(a)(2) instructs courts to freely give a plaintiff leave to amend his complaint "when justice so requires." Appropriate grounds for denying leave to amend include "undue delay, bad faith or dilatory motive

on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Powell explains that he would like to amend his complaint, in part, because he "has found a better complaint format to use, adding exhibits, legal claims, prayer for relief." (ECF No. 38.) Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing the pleader is entitled to relief." Plaintiffs do not have to support their allegations with evidence (that comes later, at summary judgment), nor should they make legal arguments in their complaint. Accordingly, it is unnecessary for Powell to amend his complaint to include exhibits or legal claims.

As to the substance of Powell's proposed amended complaint, he makes the same core allegations in his proposed amended complaint that he made in his original complaint—that Thompson and Dr. Tannan were deliberately indifferent to his back pain and refused to refer him to a spine specialist as recommended. However, he also seeks to add L. Doehling as a defendant, who he asserts was "Dr. Tannan[']s boss at the time this all started." (ECF No. 37 at 5.) Powell includes numerous allegations against her, dating back to 2015. Many of the allegations have nothing to do with the referral to a spine specialist for his back pain but focus on his head and neck pain and special accommodations for items such as seat cushions and orthopedic shoes. Powell's allegations imply that Doehling was responsive to Powell's inquiries (although she did not give him the answers he wanted) and that she was not the

2

medical professional making the decisions but rather was merely the person communicating others' decisions to him.

The court will not allow Powell to amend his complaint to add Doehling as a defendant. First, there is no supervisory liability under § 1983. The fact that Doehling was Dr. Tannan's "boss" in an insufficient basis for liability. Second, Powell knew of these allegations at the time he filed his complaint in October 2018. Powell's allegations against Doehling date back to 2015 and continue through 2017. Powell does not explain why he did not include these allegations in his original complaint or why he waited until a week before discovery closed to seek to amend his complaint to include them. Finally, the allegations against Doehling are far broader than those alleged against Thompson and Dr. Tannan in his original complaint. It would unduly burden the defendants to have to broaden the scope of this case at this point in the litigation. Thus, the court will not allow Powell to proceed against her as he proposes.

Powell also seeks to add Nurse Hintz as a defendant. Powell alleges only that she was Dr. Spring's (the doctor who recommended that Powell be referred to a spine clinic) "nursing assistant and was responsible for doing the refer[r]al to the spine clinic." (ECF No. 37.) It appears that Nurse Hintz held, in part, an administrative role and scheduled the appointments she was told to schedule. Powell emphasizes repeatedly that it was Thompson and Dr. Tannan who decided not to send him to the spine clinic. Nothing suggests that Nurse Hintz had authority to overrule their decisions. Accordingly, she is not responsible for the alleged harm Powell suffered. The court will not allow him to proceed against her as he proposes.

In short, the court will deny Powell's motion to amend his complaint because he unduly delayed seeking leave to amend the complaint and allowing him to amend his complaint in the manner he proposes would unduly prejudice the defendants and would be futile. Powell's original complaint remains the operative complaint in this case.

*2. Motion to Compel*

Turning to Powell's motion to compel (ECF No. 36.), Powell seeks the production of policies and procedures related to inmate healthcare as well as inmate complaints filed by other inmates against the defendants.

It is not clear to the court how the information Powell seeks will help him prove his claims. Powell is proceeding on claims that the defendants violated the Constitution; whether the defendants violated Department of Corrections policies and procedures will not create a genuine issue of material fact regarding whether they violated the Constitution. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (explaining that § 1983 protects plaintiffs from constitutional violations, not violations of state laws or departmental regulations). Similarly, Powell is proceeding on claims that the defendants were deliberately indifferent to *his* serious medical condition; how the defendants allegedly treated *other* inmates' conditions will not create a genuine issue of material fact regarding how they treated *his* condition.

In any event, according to the defendants, they produced the documents Powell seeks shortly after he filed his motion. Accordingly, the court will deny his motion.

**IT IS THEREFORE ORDERED** that Powell's motion to compel (ECF No. 36) is **DENIED**.

**IT IS FURTHER ORDERED** that Powell's motion to amend/correct the complaint (ECF No. 38) is **DENIED**. The clerk's office will **STRIKE** Powell's proposed amended complaint (ECF No. 37).

Dated in Milwaukee, Wisconsin, this 31th day of July, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge